```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

                            PORTLAND DIVISION

JOSE SALVADOR AVILA RIVERA,    )
                               )     Civil No. 10-668-PK
          Plaintiff,           )
                               )
     v.                        )
                               )
D. PAYNE, T. RAUDEBACH and     )     ORDER
J.E. THOMAS,                   )
                               )
          Defendants.          )
```

MOSMAN, District Judge.

Plaintiff in this civil rights action recently filed a Motion for Extension of Time to respond to defendants' Motion to Dismiss. In addition, in the body of plaintiff's Motion is what the court construes as a request for preliminary injunctive relief preventing the Federal Bureau of Prisons ("BOP") from transferring him during the pendency of this civil rights action.

1 - ORDER

Plaintiff believes he is "going to be subjected to what is commonly known throughout the BOP Institutions as the 'DIESEL-TREATMENT' whereby the Inmates with an ongoing cause of Action against any portion of the Department of Justice, mainly the BOP is moved around from one Institution to another in order to allow the misplacement of documents which could aid the Petitioner[s] in an ongoing case to miss the Court's deadlines and thus Grant the Governments Motion to Dismiss."  Notably, in his underlying Complaint, plaintiff alleges defendants denied him his right to access the courts when they refused to allow him to speak to his attorney before an appeal deadline.

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests.  Under the "traditional" standard, preliminary relief may be granted if the court finds:  (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief.  <u>Burlington N.R.R. v. Department of Revenue</u>, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving

2 - ORDER

party's favor. <u>Id</u>.; <u>Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity</u>, 950 F.2d 1401, 1410 (9th Cir. 1991), <u>cert. denied</u>, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." <u>Prudential Real Estate Affiliates v. PPR Realty, Inc.</u>, 204 F.3d 867, 874 (9th Cir. 2000).

Plaintiff's request for injunctive relief is denied on the basis that he has failed to demonstrate a likelihood of success on the merits and the relief he seeks extends beyond the scope of the allegations in his Complaint. <u>See</u> 18 U.S.C. § 3626(a)(2)(providing that preliminary injunctive relief in civil action with respect to prison conditions must be narrowly drawn); <u>Winter v. Natural Res. Def. Council, Inc</u>, 129 S.Ct. 365, 374 (2008)(plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); <u>Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co.</u>, 571 F.3d 873, 879 (9th Cir. 2009)(mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored).

## CONCLUSION

Based on the foregoing, plaintiff's Motion (#26) is GRANTED IN PART and DENIED IN PART as follows. Plaintiff's response to defendants' Motion to Dismiss is due by January 25, 2011.

3 - ORDER

Defendants' reply, if any, is due by February 9, 2011.  Plaintiff's request for preliminary injunctive relief is DENIED.

    IT IS SO ORDERED.

    DATED this  21st  day of December, 2010.

                              /s/ Michael W. Mosman
                                  Michael W. Mosman
                                  United States District Judge